Robert J. MILETTA, Plaintiff–
Appellant,

v.

WASTE MANAGEMENT OF NEW
YORK, Defendant–Appellee.

No. 01–9397.

United States Court of Appeals,
Second Circuit.

Sept. 16, 2002.

George S. Mehallow, Syracuse, NY, for
Appellant.

Daniel J. Moore, Pittsford, NY, for Ap-
pellee.

Present CALABRESI and B.D.
PARKER, Circuit Judges, and COTE,
District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, AD-
JUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Robert J. Miletta is a former truck driver for defendant-appellee Waste Management of New York. As a result of a non-work-related car accident on April 17, 1997, Miletta was rendered quadriplegic and is confined to a wheel-chair. Following his accident, Miletta was placed on an unpaid leave of absence, where he remained for nineteen months until, pursuant to a Waste Management policy, he was administratively terminated on November 13, 1998. Miletta sued Waste Management for violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112 *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* Following discovery, Waste Management moved for summary judgment, and the District Court granted the motion. Miletta appeals from an October 30, 2001 judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Chief Judge* ), granting summary judgment to Waste Management with respect to Miletta's ADA claim and dismissing without prejudice Miletta's state law claim.

In order to make out a prima facie case under the ADA, Miletta must show that: (1) he was a disabled person within the meaning of the ADA, (2) Waste Management had notice of his disability, (3) with reasonable accommodation he could perform the essential functions of the position sought, and (4) Waste Management refused to make such accommodations. *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 6 (2d Cir.1999). It is undisputed that, following his accident, Miletta was disabled and that Waste Management had notice of his disability. It is also

---

* The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

undisputed that Miletta "was unable with or without reasonable accommodation to perform his duty as a truck driver." (Am. Compl.¶ 12.) Indeed, the only medical form that Miletta had provided to Waste Management indicated that he would never be able to return to work in any capacity.

Miletta argues that Waste Management should have either transferred him to an unspecified "office" position or created a new "office" position for him. It is undisputed, however, that Miletta never requested that Waste Management take either of these steps, and that he never informed Waste Management that he was ready and able to return to work in any capacity. Indeed, the disability claim forms that Miletta had provided to Waste Management all indicated that he would never be able to return to work in any capacity. In light of these facts, Waste Management was under no obligation to transfer Miletta to a different position or to create a new position for him. *See, e.g., Sidor v. Reno,* No. 95 Civ. 9588(KMW), 1997 WL 582846, at *6 (S.D.N.Y. Sept.19, 1997) ("it is the employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one") (citation and internal quotations omitted). Thus, as the District Court correctly found, Miletta cannot make out a prima facie case under the ADA.

We have considered all of Miletta's arguments on appeal and find them to be insufficient to overcome the above mentioned defect in his case. Accordingly, the decision is affirmed.